partners. On the whole, in my opinion, the verdict ough.
not to be disturbed.[1]

New trial.

GORDON, surviver of MUNRO AND GORDON, *against*
CHURCH.

If an assurer know that a policy, though in the name of the broker, is in fact
effected on account of another, a set-off of a debt due from the broker
cannot be made in a suit by him, on that policy, though it be carried on
in his own name.

ASSUMPSIT on a policy of insurance.

The plaintiff and his deceased partner were brokers, and
effected the policy in question without naming the party
interested, and describing themselves as brokers only by
the customary marginal insertion of their names as such.
It was, however, generally known, among the under-
writers, that this, and several other policies on the same
risk, were on account of a charitable association in Scot-
land, the trustees for whom had given the orders. In
March, 1802, the plaintiff and his partner made a compo-
sition with their creditors for fifteen shillings in the pound,
payable by instalments, the last of which was at eighteen
months, and not due when this action was commenced.
The others had been paid. On the 10th of April follow-
ing, the vessel not having been heard of for a year, a loss
was claimed as for a missing ship, averring the interest in

the trustees. The defendant admitted the justice of the demand, but contended he had a right to set off the amount of the last instalment. The only question was, whether he was so entitled or not.

*Hopkins*, for the plaintiff. The set-off, in the present case, cannot be allowed, because the plaintiff sues as a mere trustee, and the defendant's claim is on account of a debt due from the plaintiff himself. Trusts are acknowledged at law. In *Winch* v. *Keely*, 1 D. & E. 619, the court permitted a bankrupt to sue in his own name for a debt originally due to himself, but which he had assigned previous to the bankruptcy. The defendant pleaded the bankruptcy, but the court said he sued as trustee. So in *Bromly* v. *Brook*, cited 6 D. & E. 621, to debt on bond, a plea was allowed, showing that it was given in trust for money lent by a third person, who was indebted to the defendant more than the amout. So in *Wilson* v. *Watson*, 1 Esp. Dig. 239, or 240, the same principle was adopted. Trusts, therefore, are recognized in courts of law, to pre-vent, as would, otherwise be the case, the debt of A. being paid with the money of B. This doctrine we contend for has been confirmed in this court, in the case of *Johnson* v. *Bloodgood*. (See 1 Lex Mer. Amer. 507.) The defendant was a debtor to *the plaintiff, who as-   [*300] signed all his property in trust for his creditors, subsequent to which the defendant purchased an overdue promissory. note, made by the plaintiff, and in an action by him, on behalf of the assignees, the court refused to permit a set-off of the note. A further objection to the claim now urged is, that the damages are unliquidated. It is settled, that whatever is to be the set-off must be ascer-tained and due at the time of action brought. Mont. on Set-off, 18, 19. The damages here are to be fixed only by jury intervention, and that is alone sufficient to preclude the right insisted on by the defendant.

Livingston v. Livingston.

*Pendleton*, contra, was stopped by the court.

*Per Curiam.*   No set-off can be allowed in this case.(a)
The suit is on a policy which the plaintiff effected, as a
mere trustee, for a charitable society in Scotland, and the
case warrants us in concluding this was known to the de-
fendant when he subscribed the policy.

Judgment for the plaintiff.